THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAKE NEWCOMER,<br><br>　　　　　Defendant. | No. CR24-110-JHC<br><br>DEFENSE SENTENCING MEMORANDUM |

Jake Newcomer, through counsel, presents this sentencing memorandum supporting the joint recommendation of 204 months (17 years) in custody. Following release from prison, the defense recommends that Mr. Newcomer be placed on five years of supervised release.

I.   **INTRODUCTION**

Mr. Newcomer agrees that his offense conduct warrants significant punishment. The pre-sentence report both summarizes his offenses and the corresponding sentencing guidelines that make clear how significant the punishment will be. In fact, Mr. Newcomer agrees with both the Government and U.S. Probation that 204 months in custody is sufficient and not greater than necessary under these circumstances. Mr. Newcomer's acceptance of responsibility and joint recommendation speaks volumes considering that he is still a young man in his twenties who will lose nearly two decades of his life upon being removed from society for his offenses. Adding to his

DEFENSE SENTENCING MEMORANDUM
(*United States v. Newcomer*, CR24-110-JHC) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

punishment, Mr. Newcomer will, simultaneously, be in Community Custody with the State of Washington for his state conviction that preceded the federal conviction.

While there is no dispute about the seriousness of Mr. Newcomer's conduct, the other side of the "sentencing coin" requires the Court to appreciate his personal history and mental health struggles together with the fact that he will be reflecting on self-improvement and with his treatment goals over the next several years while he is in custody. Equally important, Mr. Newcomer embraces the special conditions proposed by Probation. This means that for the several years following his release from prison, the expectation is that Mr. Newcomer will focus on mental health treatment, substance abuse treatment, and sexual deviancy treatment as he re-adjusts into the community while in his forties. Mr. Newcomer fully understands and appreciates that any non-compliance will result in returning to prison.

## II.     THE UNITED STATES SENTENCING GUIDELINES

The defense stands by its objections to Probation's USSG calculations. The defense objections are summarized in the Addendum section to the pre-sentence report. That said, the defense acknowledges that regardless of who is correct with the sentencing guideline calculations, the total offense level would still be at Level 40. Specifically, Count 3 would carry the highest adjusted offense level given that USSG Section 2G2.1 would apply since the defense agrees that the offenses against MV2 and MV7 in Count 3 involve the production of visual depictions of sexually explicit conduct. Regardless of our disagreement with Probation's assessment that Section 2G2.1 should apply to other victims, as well, the result is nevertheless the same. That is because the number of victims identified in Count 3 would increase the offense level by five in accordance with USSG Section 3D1.4. Accordingly, the defense agrees that with a criminal history category of III, and a total offense level of 40 (factoring in full acceptance of responsibility), the advisory guideline range is 360 months to Life.

DEFENSE SENTENCING MEMORANDUM
(*United States v. Newcomer*, CR24-110-JHC) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### III. THE U.S.C. SECTION 3553(A) FACTORS

#### A. The Personal History and Characteristics of Mr. Newcomer

While it is true that Mr. Newcomer grew up in a stable home with two parents who remain married today, the sad fact remains that Mr. Newcomer was very isolated as a child. His mother noted that Mr. Newcomer exhibited behavioral challenges during infancy where he would have chronic fits of anger without end and for unexplained reason. She also noted that as he got older, Mr. Newcomer was a lonely child who exhibited additional traits of attention-deficit/hyperactivity disorder (ADHD).

By his own account, Mr. Newcomer noted his isolation during the pre-sentence interview. He recalled how he would spend endless hours in front of a screen rather than socializing with other children. While he did not blame anyone for his isolation, he does believe that had there been more structure and regulation of "screen time" and access to social media during his teenage years, that he would have made more responsible choices growing up. As a result, Mr. Newcomer's emotional health was very poor as he lacked the needed skills to develop strong social relationships with his peers.

The struggles continued throughout his education. He remembers often being removed from the classroom because of uncontrollable behavioral breakdowns and outbursts. The disruptive behavior went untreated as the immediate solution was simply to discipline Mr. Newcomer rather than find a pathway to help him cope with his emotions. Mr. Newcomer was placed in special education classes without any meaningful plan to address his individualized needs. To a large extent, Mr. Newcomer never received an effective education as these programs felt more like a "daycare" to him rather than a real school with a structured curriculum.

Lacking structure at school, Mr. Newcomer was similarly unable to find structured help and guidance at home. While it is true that his parents were never

DEFENSE SENTENCING MEMORANDUM
(*United States v. Newcomer*, CR24-110-JHC) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

absent, there apparently was a disconnect between Mr. Newcomer and his parents where he received minimal parental guidance during his formative years. Instead of helping their son navigate through his childhood and adolescent challenges, Mr. Newcomer was simply placed in front of a screen to occupy his time. Eventually, and not surprisingly, Mr. Newcomer turned to substance abuse to self-medicate and manage his ADHD, his isolation, and his growing depression.

Unfortunately, Mr. Newcomer's substance abuse grew out of control and elevated to methamphetamine and other drugs starting at the age of 16. At the same time, Mr. Newcomer was able to get his hands on alcohol and was drinking heavily by this age as well. While there had been attempts at treatment, nothing seemed to work for Mr. Newcomer likely because none of the programs addressed his underlying mental health challenges. Not surprisingly, without effective mental health treatment, substance abuse treatment was destined to fail as well.

With mental health challenges and chemical dependency taking control of his life at the age of 16, Mr. Newcomer was unable to finish school. Although he dropped out of high school after his sophomore year, Mr. Newcomer was somehow able to achieve a GED at Bellevue College. One characteristic that his mother highlighted, notwithstanding his childhood challenges, is that Mr. Newcomer is a very intelligent and bright human being. True, he has made very poor choices when it comes to human relationships and interacting with others. And for those poor choices, he is now in the criminal justice system for the third time. However, his level of intelligence should offer some hope in the sense that he can succeed through treatment if he genuinely commits himself to successful completion. Following this experience, Mr. Newcomer will be the first to acknowledge to the Court that he is now fully committed to treatment.

DEFENSE SENTENCING MEMORANDUM
(*United States v. Newcomer*, CR24-110-JHC) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Similarly, if Mr. Newcomer commits himself to programming, he will still be young enough (being in his forties) to start fresh with meaningful career training once he is released from prison. In other words, Mr. Newcomer has the capability of being a productive human being if he commits himself to effective mental health treatment and effective substance abuse treatment. Mr. Newcomer's goal for the next several years while in custody is to take advantage of whatever prison programming is offered to him so that he can be a productive member of the community when he eventually starts his supervision.

### B. Seventeen Years is Sufficient and Not Greater than Necessary.

The parties involved worked hard to craft a recommendation that would meet all the goals and purposes of Section 3553(a). Everyone, including U.S. Probation and all the prosecuting agencies involved in the case preparation, have agreed that 204 months would be a sufficient sentence for Mr. Newcomer, notwithstanding the USSG range of 360 months to Life. The sentencing recommendation primarily considers the number of victims that Mr. Newcomer has agreed to be accountable for and the prospective punishments he could have faced in various jurisdictions apart from the Western District of Washington.

Equally important, the agreed sentencing recommendation also contemplates that Mr. Newcomer will be on supervision for several years following his release from prison. While there is an agreement as to the period of confinement, there is no such agreement with respect to the appropriate amount of supervision that will follow. On the one hand, U.S. Probation, and likely the government, will recommend a lifetime period of supervised release. On the other hand, the defense recommends five years of supervised release. Typically, successfully completing five years of supervised release without any violations signals that supervision is no longer needed for the offender. In Mr. Newcomer's case, he will be required to obtain mental health, substance abuse, and

DEFENSE SENTENCING MEMORANDUM
(*United States v. Newcomer*, CR24-110-JHC) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

sexual deviancy assessments as part of the special conditions of supervised release. He will similarly be required to follow all treatment recommendations. And as a standard condition of supervised release, he will be required to obey the law and commit no further law violations. If he can accomplish all of that within five years, then there really would be no true need to continue supervision beyond that period. Regardless, Mr. Newcomer will accept whatever period of supervision this Court imposes and will respect that decision.

## IV.   CONCLUSION

For these reasons, and as further presented during the sentencing proceeding, the defense respectfully recommends that this Court follow the jointly agreed recommendation of 204 months (17 years) of imprisonment. After completing the prison commitment, the defense recommends placing Mr. Newcomer on five years of supervised release.

DATED this 10th day of November 2025.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender
Attorney for Jake Newcomer

DEFENSE SENTENCING MEMORANDUM
(*United States v. Newcomer*, CR24-110-JHC) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100